Reeves v. Wilson.

CHARLES REEVES and GEORGE LOUDENSLAGER vs. THOMAS WILSON.

To entitle the defendant to appeal, the statute requires, that it should appear, that he was present at the rendition of the judgment; but it is not necessary this should be stated in express words; if it can be fairly collected from the record that the party was present at the time judgment was rendered, it is sufficient.

This was an application for a mandamus to the Common Pleas of the county of Gloucester. It appeared, that Wilson obtained judgment against Reeves and Loudenslager, before one of the justices of the peace of the county of Gloucester. From this judgment, the defendants below appealed to the Common Pleas of said county. In December term 1831, the Court of Common Pleas dismissed the appeal, because it did not appear by the transcript that the defendant was present at the rendition of the judgment.

Upon the justice's transcript, under date of January 16, 1830, there is an entry of the appearance of the parties. and trial of the cause; after which, the transcript proceeds to state as follows:

" The court, after hearing the allegations of the parties, suspended judgment two weeks."

" January 30, 1830.   After having examined the evidence and plaintiff's account, I gave a judgment for the plaintiff, for the sum of fifteen dollars and twenty-three and a half cents, debt, with one dollar and eighty-seven cents costs—Plaintiff demanded execution, took the oath of danger—defendant filed a bond with surety, viz: Joseph Wilson."

" Issued execution, March 13th, &c.

*Armstrong,* for the appellants, insisted, that the appeal was improperly dismissed by the Common Pleas, inasmuch as it did appear by the transcript, that the defendant below was present at the rendition of the judgment.

*Carpenter,* contra.

HORNBLOWER, C. J. To entitle the defendant to appeal, the statute requires, that it should appear, he was present at the rendition of the judgment, but it is not necessary this should be

stated in express words ; if it can fairly be collected from the record, that the party was present at the time judgment was rendered, it is sufficient.   The justice in his transcript, states, that on the thirtieth of January, 1830, he gave judgment ; plaintiff demanded execution ; took the oath of danger ; defendant filed a bond,   &c.   These entries are all under the same date.   There is no impropriety in this form of entry.   It is not necessary, that the date should be repeated, and prefixed to every proceeding that occurred on the same day.   All the proceedings which took place on a particular day, may be stated in succession under that date ; and where entries are made in this form, the presumption is, that all the proceedings stated, took place upon the day under which they are set forth in the record.   To suppose otherwise, would be to suppose, that the justice had been negligent, and entered under one date, several transactions which took place on different days, which cannot be done ; without evidence to the contrary, the justice must be presumed to have done his duty.

Upon a fair construction of the record, in this case, it appears sufficiently, that the rendition of the judgment, the demand of execution by the plaintiff, and the filing of the bond, by the defendant, all took place on the same day, thirtieth of January, 1830, and consequently, that the defendants must have been present at the time of the rendition of judgment.

Let a mandamus issue.

CITED in *West v. State,* 2 *Zab.* 230.